# GIDEON W. SEAVEY
## v.
## PATRICK CARRIGAN.

1. PRACTICE—OBJECTIONS MUST BE MADE BELOW.—Formal objections, which may be met by proof, must be made in the court below; they cannot be urged for the first time in this court.

2. FORM OF ACTION—SEALED INSTRUMENT—SET-OFF.—Our statute provides that instruments under seal may be declared upon or set off in any form of action in which such instrument might have been declared upon or set off, if not under seal; and where the plaintiff has declared in assumpsit upon a lease under seal, the defendant may offer in evidence, under the plea of set-off, an instrument also under seal, as for rent due him as assignee of another lease.

ERROR to the County Court of Vermillion county; the Hon. R. W. HANFORD, Judge, presiding. Opinion filed October 2, 1879.

Mr. D. D. EVANS and Mr. C. M. SWALLOW, for plaintiff in error; that at common law a lessor could not assign his lease so as to vest the assignee with the legal title to the rent, cited Chapman v. McGrew, 21 Ill. 101.

But under our statute, where the tenant attorns to the assignee, rent may be recovered: Fisher v. Deering, 60 Ill. 114; Raymond v. Kerker, 2 Bradwell, 496; Rev. Stat. 1877, 628.

A promise to pay rent is an attornment: Hayes v. Lawver 83 Ill. 182.

Mr. H. II. DYER and Mr. W. R. LAWRENCE, for defendant in error; that there being no preliminary proof of the execution of the lease and assignment, they were not properly admitted in evidence, cited Grimeley v. Klein, 1 Scam. 343; 1 Greenleaf's Ev. § 557.

They could not be made the subject of set-off against this action: East v. Crow, 70 Ill. 91; DeForrest v. Oder, 42 Ill. 500. Hawkes v. Lands, 3 Gilm. 227.

Having adopted the English statute, we have thereby

adopted its construction, and hence, if the tenant attorned to the assignee, an action of debt or covenant might be maintained: Fisher v. Deering, 60 Il'. 114; Rev. Stat. 1874, 628; Bacon's Abr. 538; 1 Arch. Nisi Prius, *338.

McCulloch, J.   Numerous errors have been assigned upon this record, but we shall notice only one or two of them, as this course will doubtless do away with most of the others on another trial.

The suit was commenced by foreign attachment, the original declaration as finally amended being in assumpsit for goods sold and delivered.   The declaration was in assumpsit upon a sealed instrument, wherein Seavey leased to Carrigan certain land, which he was to plant in corn, cultivate and harvest the same, and deliver the entire product to Seavey, who was to pay him twenty cents per bushel therefor.   It alleges full performance on the part of Carrigan and a refusal by Seavey to pay according to the agreement.   Under a stipulation entered of record, Seavey, who was defendant in the court below, had a right to introduce any defense under the plea of general issue he could have done if specially pleaded.   He first offered as a set-off, a note given to secure certain advancements of money to Carrigan, made from time to time, after the giving of the note, and it is claimed there is error in the computation made by the court, which is probably so.   The note bears interest at ten per cent., and with some very small exceptions, the proof seems clear that all the money claimed by Seavey to have been paid to or for Carrigan, was paid at his request as advances upon said note; all such sums should bear interest at ten per cent., and be deducted from the amount due upon the lease.   As a further set-off, plaintiff in error offered in evidence a lease from Moore, McFerren & Seavey to Carrigan for certain other premises, for the term commencing March 1st, A. D. 1876, and ending March 1st, A. D. 1877, in consideration whereof, Carrigan covenants with the lessors, their heirs, executors, administrators and assigns, to pay to the lessors as rent for the demised premises, the sum of $280, payable on or before January 1st, 1877, at the office of the lessors.   On this lease was

written this assignment, dated April 8, 1876: "We hereby assign the within lease to Gideon W. Seavey, without recourse on us for rent," signed by the lessors. He further offered to prove that he was the lessee of the real estate mentioned in said lease; that he had entire control thereof, with the right, power and authority to sub-let the same or any part thereof, and to collect the rents and profits thereof in his own right; that in the fall of 1876, defendant in error, with the full knowledge that he was entitled to receive the rents and profits thereof, attorned to him under said lease, by paying him the sum of $128.70, and that there was still due him on said lease the sum of $151.30. This evidence was excluded by the court, to which ruling plaintiff in error excepted, and now assigns the same for error.

It is now urged by counsel for defendant in error, that the lease and assignment were properly excluded, because there was no preliminary proof of their execution. If such proof was necessary under the stipulation, it does not appear from the record that this objection was made in the court below; and it cannot be raised for the first time in this court. Formal objections which may be met by proof on trial, must be taken at that time, and the record must show the ruling of the court thereon, or they will not be noticed here.

It is further objected, that it was an attempt to set off damages under a breach of covenant in a lease against a claim in assumpsit for corn sold and delivered. This is hardly stating the case fairly. The claim offered to be set off was a claim for rent due upon a lease, for which an action of debt would lie.

Nor is the claim of defendant in error one for corn sold, but rather a debt arising out of a sealed instrument, for which, in the absence of legislation upon that subject, only an action of debt or covenant could have been maintained. Our statute, however, provides (R. S. 1874, Ch. 110, § 18) that "any deed, bond, note, covenant or other instrument under seal (except penal bonds), may be sued and declared upon or set off as heretofore, or in any form of action in which such instrument might have been sued and declared upon or set off, if it had not been under seal, and demands upon simple contracts may

be set off against demands upon sealed instruments, judgments or decrees." This statute covers this case, so far as the character of the instrument offered in evidence is concerned. The same law under which defendant in error had a right to declare in assumpsit upon a sealed instrument will authorize plaintiff in error to give in evidence a sealed instrument as the foundation for a set-off.

This would seem to dispose of the whole question between the parties, for counsel for defendant in error admit in their brief that "Seavey could maintain an independent action of debt or covenant against Carrigan upon this lease, if it were proven that he attorned to Seavey, under the assignment.

But it is claimed that our statute (R. S. 1874, Ch. 80, § 14) is but a repetition of the English statute (32 Hen. 8 Ch. 36, § 1); that having by express legislation adopted that statute, we have thereby adopted the construction given to it by the English courts; and that because the form of action under it was either debt or covenant, therefore a claim of rent, by the assignee of a lease under seal, cannot be set off in an action of assumpsit. However sound this reasoning might be in the absence of any legislation upon the subject, we must hold that the statute first quoted allows the right of set-off in this case. We do not feel called upon to give any construction to Sec. 14, Ch. 80, R. S. 1874, above referred to, further than to say that it seems to follow the spirit, if not the letter, of the English statute, at least so far as to allow the assignee of the lessor after attornment, the same right of action as the lessor himself would have had. The proof proffered to the court by plaintiff in error, being in the line proper to prove an assignment to Seavey by the lessors of Carrigan, an attornment by him to Seavey was pertinent to the defense set up by him, and should have been admitted. For the error committed by the court below in rejecting it, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.